

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 1, 1957

Hon. S. Perry Brown      Opinion No. WW-247
Chairman Texas Employment
Commission             Re: Taxability under the Texas
Brown Building              Unemployment Compensation
Austin, Texas               Act of payments into or
                               from Supplemental Unem-
                               ployment Benefit Plan Funds
                               of the Ford Motor Company -
Dear Mr. Brown:           UAW-CIO type.

This is in reply to your request for an opinion as
to the taxability under the Texas Unemployment Compensa-
tion Act of payments made into and out of Supplemental
Unemployment Benefit Plan Funds of the Ford Motor Company -
UAW-CIO type.

You asked the following questions:

"Are payments which are made into
the trust fund or payments which are made
to unemployed workers taxable under the
Texas Unemployment Compensation Act? If
either type of payment is taxable, against
whom is it taxable?"

Briefly, this type of Supplemental Unemployment Bene-
fit Plan provides for the establishment by the employer of
a Trust Fund by contributions made solely by the employer.
After payment into the Fund, the employer has no right, title
or interest in the assets. The Fund is administered by in-
dependent trustees. There is a maximum funding amount
which when reached stops payments into the Fund until such
time as the amount remaining becomes less than the maximum
funding amount.

The Plan further provides that no employee has any
right in any assets of the Fund unless and until the em-
ployee is qualified and eligible. Among the eligibility
conditions is the requirement that the employee must have
received state unemployment benefits for the week for
which application is made for supplemental benefits.

The Plan also provides that: "Neither the Company's
contributions nor any benefit paid under the Plan shall

be considered a part of any employees wages for any purpose."

Our Texas Unemployment Compensation Act provides that employers who come within its scope must make contributions to a Commission in amounts determined by the amount of "wages" paid by the employers to their employees. These contributions are placed in a fund and can only be used for the purposes for which such fund was created. The Act defines "wages" as "all remuneration for personal services, including commissions and bonuses and the cash value of all remuneration in any medium other than cash." (Art. 5221b-17, V.C.S.).

There has been no court decision on the taxability, under the Texas Unemployment Compensation Act, of payments into or from Supplemental Unemployment Compensation Plan Funds, nor have the courts of any other state passed on the taxability of such Funds under their respective state unemployment compensation statute. However, the questions have been passed upon administratively by many of the states. Of twenty-one states that have administratively ruled on the taxability of payments into such Funds, twenty have ruled that such payments are not taxable. Of fifteen states that have administratively ruled on the taxability of payments from such Funds, fourteen have ruled that such payments are not taxable.

The Bureau of Internal Revenue ruled (Rev. Rul. 56-249, IR - 156) that payments into and out of such Funds are not taxable under the Federal Unemployment Tax Act. In arriving at such conclusion the Bureau used the following language:

". . .it is concluded that the benefits paid to former employees of M Company under the terms of the Supplemental Unemployment Benefit Plan do not constitute 'wages' for purposes of the Federal Unemployment Tax Act. It is also concluded that the benefits paid to former employees of M Company under the terms of the Supplemental Unemployment Benefit Plan do not constitute 'wages' for purposes of the Federal Insurance Contributions Act and the Collection of Income Taxes at Source on Wages."

Generally, a right to remuneration accrues upon the rendition of services by virtue of the contract of hire, so that the provision that the employee has no rights in the Fund indicates that whatever is paid the employee out of the Fund is not intended as remuneration for services.   The employee may work a lifetime and thereupon retire or die and receive no payments.   This is an important distinction from the concept of "remuneration" or "wages" which would be payable in any event.

Moreover, the receipt of benefits by an employee is not dependent on whether contributions to the Fund have been made by the employer with respect to the hours worked by the employee.   An employee may receive benefits although no contributions were made during his entire employment with that employer due to the Fund having reached and maintained the prescribed maximum level.   Conversely, if there is an insufficient amount in the Fund, the applicant would receive no benefits.   If the Fund or the benefits paid therefrom could be called "wages" the applicant would have a vested interest and could bring an action.   No such vested interest or right exists under the Plan.   In order to receive benefits the applicant must have received state benefits for that week.   This requirement makes the Plan truly supplemental and the benefits paid therefrom are supplemental unemployment benefits.

We, therefore, are of the opinion that neither contributions into the Fund nor benefits paid therefrom are taxable under the Texas Unemployment Compensation Act.

Inasmuch as neither contributions into the Fund nor benefits paid therefrom are taxable under the Texas Unemployment Compensation Act your last question is moot.

To the extent that this opinion may be in conflict with prior opinions of this office they are expressly overruled.

## S U M M A R Y

Under Supplemental Unemployment
Benefit Plans of the Ford Motor
Company - UAW-CIO type, neither

payments made into the Fund nor
payments made therefrom to unem-
ployed applicants are taxable
under the Texas Unemployment Com-
pensation Act.

Very truly yours,

WILL WILSON
Attorney General

By: F. C. JACK GOODMAN
Assistant

FCJG/fb

APPROVED:

OPINION COMMITTEE
George P. Blackburn, Chairman

W. V. Geppert

Howard Mays

Sam Lane

REVIEWED FOR THE ATTORNEY GENERAL

By: James N. Ludlum